UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD R. GATES, | Case No. 3:16-cv-00321-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| R. LEGRAND, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff Richard R. Gates alleges violations of his First and Fourteenth Amendment rights because amber fragrant resin granular incense ("Incense") was taken from him after he was permitted to order it while in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff alleges he needs the Incense to practice his Wiccan faith. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of Magistrate Carla L. Baldwin (ECF No. 77) relating to Defendants' motion for summary judgment (ECF Nos. 70), and Defendant Olivas' joinder thereto (ECF No. 73).[1] Plaintiff did not file an objection to the R&R, though the time for doing so has elapsed. For this reason, and as further explained below, the Court will accept and adopt the R&R, and grant both Defendants' motion for summary judgment, and Defendant Olivas' joinder thereto.

**II.   BACKGROUND**

The Court refers to its prior order on Defendants' first round of motions for summary judgment for the background facts of this case, and does not restate those facts here. (ECF No. 48 at 2-5.)

///

---

[1] Plaintiff filed a response (ECF No. 72), and Defendants filed a reply (ECF No. 74).

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,

902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

As Plaintiff has failed to object to Judge Baldwin's Recommendation to grant summary judgment to Defendants, the Court is satisfied that Judge Baldwin did not commit clear error on the face of the R&R. Judge Baldwin recommends that summary judgement be granted to Defendants because they did not personally participate in Plaintiff's alleged constitutional violations—they merely responded to grievances. (ECF No. 77 at 7-9.) Moreover, Judge Baldwin recommends that summary judgment be granted to Defendants on the alternative basis that they are entitled to qualified immunity. (*Id.* at 9-11.) Having reviewed the R&R and the underlying briefing, the Court agrees with Judge Baldwin.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Magistrate Judge's Report and Recommendation (ECF No. 77) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment, and the joinder thereto, (ECF Nos. 70, 73) are granted.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 16th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE